Gerald Langan et al. v. City of Scranton et al. City of Scranton, Appellant.

Argued June 8, 1983, before Judges BLATT, DOYLE and BARBIERI, sitting as a panel of three.

*Edmund J. Scacchitti,* City Solicitor, for appellant.

*Thomas W. Jennings, Sagot and Jennings,* for appellee.

OPINION BY JUDGE DOYLE, September 22, 1983:

This is an appeal from an order of the Court of Common Pleas of Lackawanna County which directed the reinstatement, with back pay and all other benefits, of fourteen individuals removed from their positions as firefighters in the City of Scranton and three individuals demoted to lower positions in the Bureau of Fire.

After careful review of the record and consideration of the arguments advanced by counsel in oral argument and in briefs, we find ourselves in agreement with the court of common pleas that, notwithstanding Scranton's status as a Home Rule Charter Municipality under the Home Rule Charter and Optional Plans Law (Law), Act of April 13, 1972, P.L. 184, *as amended,* 53 P.S. §§1-101 through 1-1309, the City of Scranton may not, under Section 302(b)(v) of the Law, 53 P.S. §1-302(b)(v), provide for removal or demotion of its firefighters in a manner which contravenes the provisions of the Second Class A City Law, Act of April 14, 1931, P.L. 38, *as amended,* 53 P.S. §30471. *See Balcrius v. Hickey,* 62 Pa. Commonwealth Ct. 258, 436 A.2d 146 (1981).

We therefore affirm on the basis of the opinion of the Court of Common Pleas of Lackawanna County, reported at ___ Pa. D. & C.3d ___ (   ), and once again reiterate what was stated in *Bauer v. Peters,* 17 Pa. Commonwealth Ct. 194, 331 A.2d 245 (1975) that if there is to be a correction of this anomalous situation which differentiates Second Class A cities

from Second and Third Class cities, the correction must be a legislative one.

ORDER

Now, September 22, 1983, the order of the Court of Common Pleas of Lackawanna County in the above referenced matter, dated July 15, 1982 is hereby affirmed.